******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JEAN-MARC JACQUES *v.* MURIEL JACQUES
(AC 41789)

DiPentima, C. J., and Moll and Bishop, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for breach of
contract. Specifically, the plaintiff's complaint alleged that the defendant
breached the parties' marital separation agreement by failing to disclose
certain assets. Following a trial, the trial court rendered judgment in
favor of the defendant, from which the plaintiff appealed to this court.
On appeal, he claimed, inter alia, that the trial court erred by concluding
that his action was barred by the applicable statute of limitations (§ 52-
576 [a]) and determining that it lacked continuing jurisdiction to enforce
the parties' separation agreement. *Held* that the plaintiff's appeal was
moot; because the plaintiff failed to challenge an independent ground
for the court's adverse ruling, namely, the court's determination that the
plaintiff's breach of contract claim failed on the merits due to insufficient
evidence that the defendant had breached the separation agreement,
even if this court agreed with the plaintiff's claim that his action was
not barred by the statute of limitations, there would be no practical
relief that could be afforded to the plaintiff because of his failure to
challenge the trial court's finding on the merits.

Argued October 21—officially released December 24, 2019

*Procedural History*

Action to recover damages for breach of contract,
and for other relief, brought to the Superior Court in
the judicial district of Hartford and tried to the court,
*Hon. Gerard I. Adelman*, judge trial referee; judgment
for the defendant, from which the plaintiff appealed to
this court. *Appeal dismissed.*

*Keith Yagaloff*, for the appellant (plaintiff).

*Brandon B. Fontaine*, with whom, on the brief, was
*C. Michael Budlong*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Jean-Marc Jacques, appeals from the judgment of the trial court rendered in favor of the defendant, Muriel Jacques. On appeal, the plaintiff claims that the trial court erred by (1) concluding that his action was barred by the statute of limitations contained in General Statutes § 52-576 (a), (2) determining that it lacked continuing jurisdiction to enforce the parties' separation agreement, and (3) failing to construe the parties' separation agreement as a contract and to effectuate the intent of the parties to the contract. Because, however, the plaintiff has failed to challenge an independent ground for the trial court's ruling, the plaintiff's appeal is moot. Accordingly, we dismiss the plaintiff's appeal.[1]

The following facts and procedural history are relevant to the disposition of the plaintiff's appeal. In May, 2016, the plaintiff brought a breach of contract action against the defendant, alleging that she had breached the parties' marital separation agreement by failing to disclose assets. Paragraph 10 (h) of the separation agreement provided: "[A]ny assets over ten thousand and 00/100 ($10,000.00) dollars in fair market value that the [defendant] owns or has an equitable interest in at the time of the dissolution which are not shown by the [defendant] on her financial affidavit, shall, upon discovery by the other party, become [the plaintiff's] property without any defense interposed by the [defendant] whatsoever as to such claims of the other party." In his complaint, the plaintiff alleged that the defendant liquidated two annuities prior to the divorce. The plaintiff argued that the proceeds from these liquidated annuities, totaling $1,153,444.78, were undisclosed assets under paragraph 10 (h) of the separation agreement. The defendant denied the material allegations of the complaint and raised a number of special defenses, including that the plaintiff's claim was barred by the statute of limitations governing breach of contract actions, as provided in § 52-576 (a).[2] After trial, the court first determined that the plaintiff's action was barred by the statute of limitations. The court then found that there was insufficient evidence that the defendant had breached the separation agreement as alleged by the plaintiff and that there had been no failure to disclose assets by either party. Accordingly, the court rendered judgment in favor of the defendant. This appeal followed.

Before this court, the plaintiff argues that the trial court erred in a number of ways relating to the applicability of the statute of limitations. The plaintiff does not, however, challenge the trial court's determination that there was insufficient evidence to support his claim that the defendant had breached the separation agreement.

"Where an appellant fails to challenge all bases for a trial court's adverse ruling on his claim, even if this court were to agree with the appellant on the issues that he does raise, we still would not be able to provide [him] any relief in light of the binding adverse finding[s] [not raised] with respect to those claims. . . . Therefore, when an appellant challenges a trial court's adverse ruling, but does not challenge all independent bases for that ruling, the appeal is moot." (Internal quotation marks omitted.) *Parnoff* v. *Aquarion Water Co. of Connecticut*, 188 Conn. App. 153, 166, 204 A.3d 717 (2019).

In the present case, the trial court rendered judgment in favor of the defendant on two grounds. First, it determined that the separation agreement remained a contract beyond the judgment of the court dissolving the marriage and that the plaintiff's breach of contract claim was barred by the statute of limitations. Second, the court found that there was insufficient evidence that the defendant had breached the separation agreement, and, thus, the plaintiff's claim failed on the merits. On appeal, the plaintiff argues that his action was not barred by the statute of limitations because the separation agreement had been incorporated into the judgment by the court dissolving the marriage.[3] Because the plaintiff did not challenge the trial court's determination that he failed to prove a breach of contract, there is no practical relief that this court can grant to him. Thus, even if we agreed with the plaintiff's argument that his action is not barred by the statute of limitations, we would be unable to provide relief because the plaintiff failed to challenge the trial court's finding on the merits. See *Hartford* v. *CBV Parking Hartford, LLC*, 330 Conn. 200, 210, 192 A.3d 406 (2018) ("[u]ndoubtedly, if there exists an unchallenged, independent ground to support a decision, an appeal from that decision would be moot, as this court could not afford practical relief even if the appellant were to prevail on the issue raised on appeal"). Thus, the plaintiff's appeal is moot and we are without subject matter jurisdiction.

The appeal is dismissed.

[1] Because we dismiss the plaintiff's claims as moot, we do not reach the merits of the plaintiff's claims.

[2] General Statutes § 52-576 (a) provides in relevant part: "No action . . . on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[3] The plaintiff relies on § 52-576 (c), which provides in relevant part: "The provisions of this section shall not apply to actions upon judgments of any court of the United States or of any court of any state within the United States . . . ."