******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MONTAVIOUS FINLEY *v.* WESTERN
EXPRESS, INC., ET AL.
(AC 43361)

Alvord, Prescott and Suarez, Js.

*Syllabus*

The plaintiff, who suffered injuries when the tractor trailer he was operating
was struck by an unavoidable object, sought to recover uninsured motor-
ist benefits allegedly due under a policy of insurance issued by the
defendant C Co. to the defendant W Co. At the time of the accident,
the plaintiff was an agent or employee of W Co. and was operating a
tractor trailer maintained by W Co. and covered by a fleet insurance
policy issued by C Co. The trial court granted the defendants' motion
for summary judgment on the ground that there was no genuine issue
of material fact that the tractor trailer was not covered by uninsured
motorist insurance. Specifically, the court concluded that Tennessee
law governed the parties' dispute, that the plaintiff was not entitled to
uninsured motorist benefits under Tennessee law because it did not
require the defendants to provide such coverage, and that certain Con-
necticut statutes requiring uninsured motorist coverage did not apply
because the tractor trailer was not registered or principally garaged in
Connecticut. From the judgment rendered thereon, the plaintiff appealed
to this court. On appeal, the plaintiff claimed that the court misinter-
preted applicable Connecticut law and disregarded public policy in con-
cluding as a matter of law that the insurance policy did not provide
uninsured motorist coverage and relied solely on Connecticut law in
arguing that uninsured motorist coverage was required. *Held* that the
plaintiff's appeal was dismissed as moot, the plaintiff having failed to
challenge all of the bases for the trial court's summary judgment ruling;
the principal basis for the court's ruling was that Tennessee law applied
to the action and that the plaintiff was not entitled to uninsured motorist
benefits under Tennessee law, and, as the plaintiff failed to challenge
this independent basis for the court's summary judgment ruling, this
court could not afford any practical relief.

Argued March 9—officially released June 29, 2021

*Procedural History*

Acton to recover uninsured motorist benefits alleg-
edly due under a policy of automobile insurance issued
by the defendant National Casualty Company, brought
to the Superior Court in the judicial district of Hartford,
where the court, *Hon. A. Susan Peck*, judge trial referee,
granted the defendants' motion for summary judgment
and rendered judgment thereon, from which the plain-
tiff appealed to this court. *Appeal dismissed.*

*Keith Currier*, for the appellant (plaintiff).

*Richard W. Bowerman*, with whom was *Michael G.
Caldwell*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Montavious Finley, brought the underlying action against the defendants, Western Express, Inc. (Western Express), and National Casualty Company (National Casualty), seeking to recover uninsured motorist benefits. The plaintiff appeals from the summary judgment rendered by the trial court in favor of the defendants. The plaintiff claims that the court misinterpreted applicable Connecticut law and disregarded public policy in concluding as a matter of law that the automobile insurance policy under which he sought to recover did not provide uninsured motorist coverage to him. Because the plaintiff has failed to challenge an independent basis for the court's ruling, we conclude that the appeal is moot. Accordingly, we dismiss the appeal.

In his complaint, the plaintiff alleged in relevant part that, prior to October 17, 2017, the defendants were in the business of writing automobile liability insurance policies and had "issued" an automobile insurance policy to him and that it included coverage for uninsured motorist benefits.[1] The premiums on the policy had been paid by Western Express. On or about October 17, 2017, the plaintiff, while operating a tractor trailer maintained by Western Express on Interstate 84 in West Hartford, sustained various physical injuries when the tractor trailer was struck by an unavoidable object. He alleged that his resulting injuries were caused by the negligence of an unidentified and uninsured tortfeasor and that "[t]he injuries and losses sustained by [him] are the legal responsibility of the [defendants] pursuant to the terms of its contract of insurance with [him] and in accordance with [General Statutes] § 38a-336[2] . . . ." (Footnote added.) The plaintiff alleged that he had satisfied all of the conditions required under the policy, which he maintained entitled him to uninsured and underinsured motorist coverage.

In their answer, the defendants, with respect to most of the allegations of the complaint, either denied the allegations or left the plaintiff to his proof. The defendants, however, alleged in relevant part that, although the policy on which the plaintiff relied, which had been issued to Western Express by National Casualty, was "in full force and effect" at the time of the accident, the policy did not obligate them to pay uninsured motorist benefits to a covered person under the policy.

The defendants raised five special defenses. In relevant part, they alleged that at the time of the alleged accident the plaintiff was operating the tractor trailer at issue as an agent or employee of Western Express, and the tractor trailer was "covered under a fleet insurance policy with National Casualty . . . that covered a fleet of commercial tractor trailers maintained by Western Express . . . ." The defendants alleged that

the insurance policy at issue expressly stated that it did not provide uninsured motorist coverage, and Connecticut law requiring such coverage did not apply to the policy at issue because the policy insured a tractor trailer that was not registered or principally garaged in Connecticut.

The defendants moved for summary judgment on the grounds that the policy at issue did not contain a provision for uninsured motorist benefits, the tractor trailer that the plaintiff allegedly was operating at the time of the accident was not registered or principally garaged in Connecticut, and Connecticut law requiring uninsured motorist coverage did not apply to the tractor trailer. In support of the motion for summary judgment, the defendants filed a memorandum of law and an affidavit of Ron Lowell, General Counsel to Western Express, in which he averred that the subject tractor trailer was not registered in Connecticut, the tractor trailer was principally garaged in Tennessee, and the policy under which the tractor trailer was insured did not provide for uninsured motorist benefits.[3]

On February 11, 2019, the plaintiff filed an objection to the motion for summary judgment. The plaintiff did not attempt to contradict the material facts for which proof was submitted by the defendants, but argued that the defendants' motion for summary judgment should be denied. The plaintiff stated that "[t]he tractor trailer the plaintiff was driving was owned and self-insured by the defendant Western Express." The plaintiff did not state that the policy on which he relied contained a provision for uninsured motorist benefits, but argued that, pursuant to General Statutes §§ 38a-371 (a) (2)[4] and 38a-336 (a) (1), "[t]he defendant was required to maintain uninsured motorist coverage while operating in Connecticut." On February 22, 2019, the defendants filed a reply to the plaintiff's objection.

On May 6, 2019, the court heard oral argument from the parties on the motion and objection. On August 30, 2019, the court issued a memorandum of decision rendering summary judgment in favor of the defendants. The court engaged in a choice of law analysis and concluded that, in light of the undisputed facts before it, Tennessee law governed the parties' dispute and that the plaintiff was not entitled to uninsured motorist benefits under Tennessee law, which did not require the defendants to provide such coverage. The court noted that, "[a]lthough public policy in Connecticut favors uninsured motorist coverage . . . it cannot be said that it would violate a fundamental public policy or be offensive to our sense of justice to apply Tennessee law and thereby allow an out of state vehicle to operate without such coverage." (Emphasis omitted.)

The court also addressed the plaintiff's argument that, under Connecticut law, §§ 38a-371 and 38a-336 (a) (1) required the defendants to carry uninsured motorist

coverage. The court concluded that "[a]pplying these statutes . . . would not change the outcome" it had reached in applying Tennessee law because "it ha[d] been established that the defendants' vehicle was neither registered nor principally garaged in [Connecticut] . . . ."

Ultimately, the court concluded that "[t]he defendants were not required to purchase uninsured motorist coverage for their vehicle, and the uncontested sworn copy of the defendants' insurance policy indicates that their vehicle did not carry such coverage. . . . Therefore, there is no genuine issue of material fact that the defendants' vehicle was not covered by uninsured motorist insurance." From that judgment, the plaintiff now appeals. Additional facts and procedural history will be set forth as necessary.

On appeal, the plaintiff claims that the court misinterpreted applicable Connecticut law and disregarded public policy in concluding as a matter of law that the automobile insurance policy under which the plaintiff sought to recover did not provide uninsured motorist coverage to him. The plaintiff, relying solely on Connecticut law, reiterates in substance the arguments advanced before the trial court, arguing that the court erred in its determination that the defendants were entitled to judgment as a matter of law. The plaintiff argues that the court erred because Connecticut law "mandates that all vehicles operating on Connecticut roadways maintain uninsured motorist coverage" and that Connecticut "has consistently maintained a strong public policy favoring uninsured motorist coverage." The plaintiff does not, however, challenge the principal basis for the court's summary judgment ruling, that Tennessee law applies to the action and that he was not entitled to uninsured motorist benefits under Tennessee law.[5] Because the plaintiff has failed to challenge that independent basis for the court's ruling, his appeal is moot.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve." (Internal quotation marks omitted.) *Hartford* v. *CBV Parking Hartford, LLC*, 330 Conn. 200, 210, 192 A.3d 406 (2018). "Where an appellant fails to challenge all bases for a trial court's adverse ruling on his claim, even if this court were to agree with the appellant on the issues that he does raise, we still would not be able to provide [him] any relief in light of the binding adverse finding[s] [not raised] with respect to those claims. . . . Therefore, when an appellant challenges a trial court's adverse ruling, but does not challenge all independent bases for that ruling, the appeal is moot." (Internal quotation marks omitted.) *Jacques* v. *Jacques*, 195 Conn. App. 59, 61–62, 223 A.3d 90 (2019); see also *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 379 n.23, 119 A.3d 462 (2015) ("where alternative

grounds found by the reviewing court and unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant" (internal quotation marks omitted)); see also *Hartford* v. *CBV Parking Hartford, LLC*, supra, 210.

As we have explained, in the present case, the court engaged in a choice of law analysis. It then concluded that Tennessee law applied to the plaintiff's cause of action and that the plaintiff was not entitled to uninsured motorist benefits under Tennessee law. This conclusion was the principal basis for the court's ruling. As an alternative basis for its ruling, the court concluded that, even if Connecticut law applied, the plaintiff still could not prevail. Thus, even if we agreed with the plaintiff's argument under Connecticut law, we would be unable to provide him any relief in connection with this appeal because he failed to challenge both independent bases for the court's summary judgment ruling. Relying on the authorities set forth previously, we conclude that the appeal is moot.

The appeal is dismissed.

[1] At the outset, we note that the undisputed evidence presented to the court by the defendants reflects that Western Express is not an insurer, but that it maintains a fleet of tractor trailers, and National Casualty had issued a commercial fleet insurance policy to Western Express.

[2] General Statutes § 38a-336 provides in relevant part: "(a) (1) (A) Each automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334 . . . ."

General Statutes § 38a-334 provides in relevant part: "(a) The Insurance Commissioner shall adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies . . . covering private passenger motor vehicles . . . motor vehicles with a commercial registration . . . and vanpool vehicles . . . registered or principally garaged in this state."

[3] Attached to Lowell's affidavit were copies of the Connecticut Uniform Police Crash Report for the October 17, 2017 accident, the subject tractor trailer's registration, and the tractor trailer's insurance policy issued by National Casualty.

[4] General Statutes § 38a-371 provides in relevant part: "(a) (2) The owner of a private passenger motor vehicle not required to be registered in this state shall maintain security in accordance with this section . . . .

"(b) The security required by this section, may be provided by a policy of insurance complying with this section issued by or on behalf of an insurer licensed to transact business in this state or, if the vehicle is registered in another state, by a policy of insurance issued by or on behalf of an insurer licensed to transact business in either this state or the state in which the vehicle is registered. . . ."

[5] We note that, during oral argument before this court, the plaintiff's appellate counsel agreed that the principal basis for the court's ruling resulted from its reliance on and application of Tennessee law, and he acknowledged that, in his appellate brief, he did not challenge this aspect of the court's ruling. Following oral argument before this court, we ordered the parties "to file simultaneous supplemental briefs addressing the issue of why the appeal should not be dismissed as moot in light of the fact that the [plaintiff] has failed to raise a claim of error with respect to one of the independent bases upon which the trial court's summary judgment may be sustained, namely, the trial court's determination that Tennessee law governs the parties' dispute and that as a matter of law the [plaintiff] is not entitled to judgment in his favor under Tennessee law." The parties have filed supplemental briefs, and we have reviewed them in our consideration of the appeal.